**FILED**

June 25, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____

DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARIA DE LA LUZ HERNANDEZ GARCIA,** | § § § § | |
| **Petitioner,** | § § | |
| v. | § § | **NO. SA-26-CV-3290-OLG** |
| **MIGUEL VERGARA** *et al.*, | § § § | |
| **Respondents.** | § | |

<u>**ORDER**</u>

Before the Court is the Writ of Habeas Corpus and Request for Release from Detention (the "Petition") (Dkt. No. 1) filed by Petitioner Maria De La Luz Hernandez Garcia, to which Respondents filed a response (Dkt. No. 4), and Petitioner filed a reply (Dkt. No. 5). Petitioner is a citizen of Mexico who entered the United States in 2003, after which she was processed for expedited removal and removed to Mexico. *See* Dkt. No. 4-2 at 3. At some point thereafter, Petitioner re-entered the United States, her final order of removal was reinstated, and she was detained pending her removal to Mexico. *Id.* at 2–3.

Once an order of removal becomes administratively final, the statutory basis for continued detention shifts from 8 U.S.C. §§ 1225 and 1226 to § 1231. Petitioner's reinstated order of removal has long been administratively final. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 533–36 (2021). Therefore, Petitioner is detained under § 1231, and any challenge to her pre-final-order custody under §§ 1225 and 1226 is moot. Furthermore, any challenge to her post-final-order custody under § 1231 is without merit. Petitioner does not allege any facts demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable

future," as required by *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Indeed, Petitioner expressly concedes that her removal to Mexico is "imminent." *See* Dkt. No. 6 at 1.[1]

**IT IS THEREFORE ORDERED** that the Petition (Dkt. No. 1) is **DISMISSED AS MOOT** insofar as Petitioner challenges her pre-final-order custody, and it is **DISMISSED** insofar as she challenges her post-final-order custody.

This case is **CLOSED**.

**SIGNED** on June _____, 2026.

ORLANDO L. GARCIA
United States District Judge

---

[1] Petitioner asserts that she has a pending U-visa application which must be resolved before she can be removed to Mexico. *See* Dkt. No. 5. That is not so. The filing of a U-visa application "has no effect on ICE's authority to execute a final order." 8 C.F.R. § 214.14(c)(1)(ii). "If [Petitioner] wishes a stay of removal pending her U-visa application, she must make that request directly with USCIS." *Mosqueda-Masiel v. Holder*, 348 F. App'x 62, 65 (5th Cir. 2009) (citing § 212.14(c)(1)(ii)).

2